1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9  STEVE C. MOORE,                                    CASE NO. 1:08-cv-00860-SMS PC

10                      Plaintiff,                    ORDER GRANTING IN PART AND
                                                      DENYING IN PART PLAINTIFF'S
11        v.                                          MOTIONS FOR RECONSIDERATION

12  C/O HEISEY,                                       (Docs. 25 and 27)

13                      Defendant.
                                                  /
14

15              **Order on Motions for Reconsideration**

16        Plaintiff Steve C. Moore, a prisoner proceeding pro se and in forma pauperis, filed this civil

17  rights action pursuant to 42 U.S.C. § 1983 on June 19, 2008.  This action is proceeding against

18  Defendant Heisey on Plaintiff's Eighth Amendment excessive force claim.

19        The Court denied Plaintiff's motion for the appointment of counsel on August 13, 2009, and

20  granted Defendant's motion to compel Plaintiff's deposition and for sanctions on October 5, 2009.

21  On November 18, 2009, Plaintiff filed a motion for reconsideration of the order granting Defendant's

22  motion to compel and for sanctions, and on November 25, 2009, Plaintiff filed a motion for

23  reconsideration of the order denying counsel.  Defendant did not file a response to either motion.

24  **I.      Standard Governing Motions for Reconsideration**

25        Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order

26  for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to

27  prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.

28  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation

1

1  omitted).  The moving party "must demonstrate both injury and circumstances beyond his control

2  . . . ."  Id. (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in

3  relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist

4  which did not exist or were not shown upon such prior motion, or what other grounds exist for the

5  motion," and "why the facts or circumstances were not shown at the time of the prior motion."

6  **II.     Order Granting Motion to Compel and for Sanctions**

7         Following Plaintiff's failure to appear at his deposition noticed for July 20, 2009, and

8  Plaintiff's failure to file a response to Defendant's motion to compel his deposition and for sanctions,

9  the Court found no substantial justification for the failure to appear, and granted Defendant's motion

10  to compel and for sanctions.  Fed. R. Civ. P. 37(d).  Plaintiff seeks reconsideration of the order

11  because he was incarcerated and unable to appear for his deposition.  In his motion, Plaintiff

12  represents that he has been incarcerated since August 19, 2008, and has been having his mail

13  forwarded to him at North County Correctional Facility (NCCF), which takes approximately three

14  weeks.

15         The Court has reviewed the docket in this action and Plaintiff's motion for reconsideration

16  is granted to the extent that the Court deems it necessary to revisit and address Plaintiff's filing of

17  August 24, 2009, which was docketed by clerical staff as a motion seeking the appointment of

18  counsel.

19         On July 3, 2008, Plaintiff filed a notice of change of address from California State Prison-

20  Corcoran to 20002 Tillman Avenue in Carson, California.  (Doc. 8.)  Plaintiff's next court filing,

21  filed March 2, 2009, reflects that same out-of-custody address.  (Doc. 10.)  On August 4, 2009,

22  following Plaintiff's failure to appear for his July 20, 2009, deposition, Defendant filed a motion to

23  compel or for sanctions.  On August 24, 2009, Plaintiff filed what was docketed as a motion seeking

24  the appointment of counsel but did not file a response to the motion to compel and for sanctions, and

25  the motion was granted on October 5, 2009.

26         Local Rule 183(b) requires that Plaintiff keep the Court and Defendant's counsel informed

27  as to his current address of record.  Plaintiff did not file a notice of change of address in this action

28  until November 24, 2009.  (Doc. 26.)  To the extent that Plaintiff's August 24 filing placed the Court

1   and counsel on notice that Plaintiff had been re-incarcerated and was not able to appear for his

2   deposition, it does not substantially justify Plaintiff's failure to appear for the deposition.  Fed. R.

3   Civ. P. 37(d)(3).

4          A party may not simply fail to appear for a properly noticed deposition.  Given Plaintiff's

5   representation that he was incarcerated and unable to attend, his options were to have notified

6   Defendant's counsel of his incarceration and inability to appear, or to file a motion with the Court

7   seeking a protective order.  Simply disregarding the notice of deposition and causing Defendant to

8   incur the costs of setting up the deposition was not a viable option, and cannot be excused after the

9   fact by Plaintiff's late notice that he was incarcerated.  Therefore, Plaintiff's incarceration status, set

10  forth in his August 24, 2009, filing cannot and does not excuse his failure to appear for his

11  deposition on July 20, 2009, and Plaintiff is not entitled to an order setting aside the order granting

12  the motion to compel and assessing sanctions.[1]

13  **III.    Order Denying Motion Seeking Appointment of Counsel**

14         The Court issued an order denying Plaintiff's motion for the appointment of counsel on

15  August 31, 2009.  Previously, the Court denied a motion for the appointment of counsel on June 26,

16  2008.

17         The exceptional circumstances standard under which courts evaluate requests for the

18  appointment of voluntary counsel under the in forma pauperis statute requires consideration of "the

19  likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se*

20  in light of the complexity of the legal issues involved."  Rand v. Rowland, 113 F.3d 1520, 1525 (9th

21  Cir. 1997) (internal quotation marks and citations omitted); Palmer v. Valdez, 560 F.3d 965, 970

22  (9th Cir. 2009).  At this stage in the proceedings, the Court is unable to make a determination that

23  Plaintiff is likely to succeed on the merits.  Id.  Further, the claim in this action is one for use of

24  excessive force, which is not complex or complicated legal issue, and Plaintiff has been able to

25  adequately articulate his claims pro se.  Id.  Plaintiff's re-incarceration and the inadequacies at the

26

27          [1] It is not clear if Defendant noticed another deposition or not.  The deadline for the completion of all
28  discovery is February 5, 2010.  Clearly, Plaintiff's incarceration prohibits the noticing of a deposition for any
    location other than the facility at which Plaintiff is currently housed.

1  county facility at which he is housed do not constitute exceptional circumstances warranting the

2  appointment of counsel.  Id.; see also Lewis v. Casey, 518 U.S. 343, 354 (1996) (no constitutional

3  right to litigate effectively once in court).  Therefore, the Court did not err in denying Plaintiff's

4  motion for the appointment of counsel, either on June 26, 2008, or on August 24, 2009, and

5  Plaintiff's motion for reconsideration is denied.

6  **IV.**    **Order**

7         For the reasons set forth herein, it is HEREBY ORDERED that:

8         1.      Plaintiff's motion for reconsideration of the order granting Defendant's motion to

9              compel and for sanctions, filed November 18, 2009, is GRANTED but Plaintiff's

10            request to set aside the Court's order is DENIED; and

11         2.      Plaintiff's motion for reconsideration of the order denying his motion for counsel,

12            filed November 25, 2009, is DENIED.

13

14  IT IS SO ORDERED.

15  **Dated:**    **January 27, 2010**             **/s/ Sandra M. Snyder**
                                            UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28