# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEVE C. MOORE,                             CASE NO. 1:08-cv-00860-SMS PC

        Plaintiff,                  **PRETRIAL SCHEDULING ORDER**

    v.

C/O HEISEY,

        Defendant.
_____/

**I.**     **Motions In Limine Hearing and Briefing Schedule**

Any party may file a motion in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules of Civil Procedure do not explicitly provide for the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. Luce v. United States, 469 U.S. 38, 41 n. 4 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.; Hawthorne Partners v. AT & T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

All motions in limine must be served on the other party, and filed with the Court, by **January 19, 2011**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

1

Any opposition to a motion in limine must be served on the other party, and filed with the Court, by **February 2, 2011**.

If any party files a motion in limine, the Court will hear and decide such motions on the morning of trial.

**<u>Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.</u>**

II. <u>Other</u>

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If they wish to file trial briefs, they must do so on or before **January 31, 2011**.

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form for consideration, they must do so on or before **January 31, 2011**.

The Court will prepare the jury instructions, which the parties will have the opportunity to review on the morning of trial. Defendant shall file proposed jury instructions as provided in Local Rule 163 on or before **January 31, 2011**. If Plaintiff wishes to file proposed jury instructions, he must do so on or before **January 31, 2011**.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, <u>i.e.</u>, "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction. One set will be an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the Court's disposition. Defendant shall provide the Court with a copy of his proposed jury instructions via e-mail at: smsorders@caed.uscourts.gov.

Proposed voir dire questions, if any, shall be filed on or before **January 31, 2011**. Local Rule 162.1.

///

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **January 31, 2011**. The Court will consider the parties' statements but will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

The original and five copies of all trial exhibits along with exhibit lists shall be submitted to Courtroom Deputy Harriet Herman no later than **January 31, 2011**.[1] Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). Defendant's exhibits shall be pre-marked with the prefix "DX" and lettered sequentially beginning with A (e.g., DX-A, DX-B, etc.). The parties shall meet and confer,[2] and Defendant shall submit any joint trial exhibits pre-marked with the prefix "JX" and numbered sequentially beginning with 300 (e.g., JX-300, JX-301, etc.).

If Defendant wishes to use a videotape or a DVD for any purpose during trial, he shall submit a copy of the videotape or DVD to Courtroom Deputy Harriet Herman by 4:00 p.m. on **February 2, 2011**. If a written transcript of audible words on the tape is available, the Court requests that the transcript be submitted to the Courtroom Deputy along with the videotape or DVD, solely for the aid of the Court.

If counsel intends to use a laptop computer for presentation of evidence or intends to use any other audio/visual equipment belonging to the Court, she shall contact Courtroom Deputy Harriet Herman at least one week prior to trial so that any necessary arrangements and/or training may be scheduled.

IT IS SO ORDERED.

**Dated:   January 10, 2011**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Original for the Courtroom Deputy, one copy for the undersigned, one copy for the court reporter, one copy for the witness stand, one copy for the opposing side, and one copy to be retained by the party.

[2] Whether in person, in writing, or via telephone shall be left to defense counsel's discretion.

3